# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

UNITED STATES OF AMERICA,    )
    )
       Plaintiff,    )
    )
vs.    )  Case No. 24-00265-01-W-SRB
    )
STEVEN MICHAEL GEORGE,    )
    )
       Defendant.    )

## DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE

Steven George faces a mandatory minimum sentence of 15 years custody for an offense to which he has fully accepted responsibility and asks the Court to impose the minimum to be followed by 5 years of supervision upon his release.

## BRIEF HISTORY

The facts underlying the offense of conviction are extensively detailed in the Offense Conduct section of the Presentence Investigation Report (Doc. #34). In summary, Mr. George had downloaded images and videos of child pornography from the internet that were also then available to others via a peer-to-peer network. When first confronted about the media, he fully admitted his conduct.

## GENERAL SENTENCING AUTHORITY

A District Court should begin all sentencing proceedings by correctly calculating the applicable guidelines range. *United States v. Feemster*, 572 F.3d 455, 460-461 (8th Cir.2009)(citing *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 596 (2007)). After the Court affords both parties an opportunity to argue for whatever sentence they deem appropriate, it should then consider all of the 18 U.S.C. § 3553(a) factors to determine whether they support the sentence requested by a party. *Id*. at 461.

In imposing any sentence 18 U.S.C. § 3553 generally directs that the Court shall impose a sentence sufficient, but not greater than necessary. Among the factors for the Court to consider are the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford an adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant. (See 18 U.S.C. § 3553(a)).

The advisory sentencing guidelines are an additional factor for the Court to consider but a district court may not begin with the presumption that those guidelines are reasonable. *United States v. Alvizo-Trujillo*, 521 F.3d 1015, 1018-1019 (8th Cir.2008)(citing *United States v. Gall*, 128 S.Ct. 586, 596-597 (2007) and *United States v. Rita*, 127 S.Ct. 2456 (2007)).

## SUGGESTIONS IN SUPPORT

### History and Characteristics of Steven George

Mr. George has lived in the Kansas City Metropolitan Area most of his life. Unfortunately, as a child he suffered from various forms of abuse. In his own words he has reported feeling that he was "cheated out of a childhood" as the result of his mother's strict religious practices which limited his ability to meet and interact with other children his age. One of his older siblings actually ran away from home for four years as a young teenager.

After his mother passed away, Mr. George left school and began working for a local company that specialized in railroad derailments. More recently he spent the five years prior to the current charges working as a forklift operator at Universal Forest Products.

### Seriousness of the Offense, Promote Respect for the Law and Deterrence

The offense to which Mr. George pleaded guilty is serious by virtue of the punishment proscribed. The 15-year mandatory minimum sentence is extremely punitive and onerous. To anyone who might consider engaging in activity similar to this, a 180-month term of imprisonment followed by 5 years of supervised release would serve as a strong deterrent which, in turn, promotes respect for the law.

Regarding George specifically, the total sentence requested would allow the Court sufficient supervision over his conduct for more than two decades. During that period of time, Mr. George will be required to abide by all conditions set by the U.S. Probation Office and the Court. Clearly, the combined period of incarceration and mandatory supervision reflect the seriousness of the offense in this case.

**Protect the Public**

During the investigation of this case, Mr. George cooperated with case agents and agreed to voluntarily speak about his conduct. He also voluntarily agreed to polygraph testing which indicated that he was not engaged in any deception.

His candor, cooperation, and acceptance of responsibility for this offense demonstrate that Mr. George recognizes the gravity of his conduct and willingness to engage in continued therapy and treatment while in the community. While on supervised release on this case, Mr. George will be closely monitored by both Federal and State authorities as the result of his mandatory registration requirements.

This layered supervision will allow the court to appropriately monitor his progress in the community.

4

## CONCLUSION

A review of Mr. George's case in light of the sentencing factors enumerated in 18 U.S.C. § 3553(a) demonstrates that a sentence of no greater than 15 years followed by a 5 year term of supervised release is more than sufficient. Such a sentence also reasonably complies with the directives of a sentence no greater than necessary and is well within the Courts discretion.

Respectfully submitted,

 */s/ Travis D. Poindexter*
TRAVIS D. POINDEXTER
Assistant Federal Public Defender
1000 Walnut, Suite 600
Kansas City, Missouri 64106
(816) 471-8282
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing motion was electronically filed and delivered on the ECF system.

 */s/ Travis D. Poindexter*
TRAVIS D. POINDEXTER

5